OPINION *Page 2 
{¶ 1} On April 6, 2007, the Delaware County Grand Jury indicted appellant, Shane Nunn, on one count of theft in violation of R.C. 2913.02, a fourth degree felony. Said charge arose from an incident wherein appellant stole medical equipment from his employer.
 {¶ 2} On July 31, 2007, appellant pled guilty to the lesser included offense of theft in the fifth degree. By judgment entry filed September 11, 2007, the trial court sentenced appellant to one year in prison. Because appellant was on post-release control, the trial court imposed an additional ten days to be served consecutively.
 {¶ 3} On October 15, 2007, the trial court resentenced appellant to two one year terms, to be served consecutively.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN RESENTENCING THE APPELLANT."
 I {¶ 6} Appellant claims the trial court erred in resentencing appellant to two one year terms. We disagree.
 {¶ 7} In his brief, appellant sets forth the law regarding continuing jurisdiction over sentencing. Appellant points out that a trial court can correct a void sentence. State v. Beasley (1984), 14 Ohio St.3d. 74. During oral argument, appellant's appellate counsel conceded the original sentencing entry sub judice was void. *Page 3 
 {¶ 8} Given that the original sentence was void, appellant next argues the trial court could not resentence him because he had already served the ten day sentence for the post-release control violation. In its September 11, 2007 judgment entry, the trial court sentenced appellant to one year in prison for the theft violation, and then sentenced him to a "term of ten days in prison, consecutively, pursuant to R.C. 2929.141
because the Defendant was on Post-release Control." Clearly the ten day sentence was ordered to be served after the one year term.
 {¶ 9} Upon review, we find the trial court did not err in resentencing appellant.
 {¶ 10} The sole assignment of error is denied.
 {¶ 11} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
 By Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 4 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. *Page 1